JOHN BARNARD vs. JOHN G. MIX, Administrator.

In a suit in chancery brought in the names of a husband and wife to obtain for her the title to certain real estate equitably belonging to her, a decree was passed in favor of the petitioners and a judgment rendered in their favor for costs. Held that these costs could not be taken by a creditor of the husband by foreign attachment.

SCIRE FACIAS upon a process of foreign attachment, brought to the Superior Court in Hartford County, and tried on the general issue closed to the court, before *Pardee, J.* Judgment for defendant, and motion for a new trial by plaintiff. The case is sufficiently stated in the opinion.

*Goodman* and *Freeman*, in support of the motion.

*N. Shipman*, contra.

PARK, J. Jerusha O. Barber, the wife of William Barber, was wrongfully deprived of real estate that belonged to her in her own right, by the fraudulent acts of Joseph E. Web-

ster, and she was compelled to institute proceedings in the names of her husband and herself to have the title of the property vested in her.    She was successful in her suit, and the bill of costs allowed her by the court is the subject matter of this suit.    The costs were attached by a creditor of her husband in a suit of foreign attachment, and the question is, whether they are liable to be taken to pay her husband's debt.    We think they are not.

The law gave her the property, and as incident thereto it gave her the usual means of protecting and defending her title to it.    Her property would have been valueless without such means.

If the costs and expenses necessarily incurred by a married woman in maintaining her right to her property, and which would be recovered in bills of cost by other successful suitors, are not protected from attachment by creditors of her husband, her means might very soon become exhausted, and she be left powerless to defend her property from the depredations of wrong-doers.    To deprive her of her costs is in effect to deprive her of the means to protect her rights.

When a grant is made from one person to another, whatever is necessary for the enjoyment of the grant passes by implication, and so it may be said, in a case like this, that when the law gave her the property, and protected the income from attachment by creditors of her husband, it likewise protected the expenses that might be necessarily incurred in enforcing her rights to the property, commonly termed bills of cost.    This is incident to the property itself.

We do not advise a new trial.

In this opinion the other judges concurred.